1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11   CONNIE ARTEAGA; and EMIDIA  )   CV-14-1888 RSWL (CWx)
     SOTO,                        )
12                                )
                    Plaintiffs,   )   **ORDER re: DEFENDANTS'**
13        v.                      )   **MOTION TO DISMISS**
                                  )   **PURSUANT TO FED. R. CIV.**
14   CARMAX AUTO SUPERSTORES      )   **12(b)(6) [17]**
     WEST COAST, INC.; and        )
15   CARMAX AUTO SUPERSTORES      )
     CALIFORNIA, LLC.             )
16                                )
                                  )
17                  Defendants.   )
                                  )
18                                )
                                  )
19   _____    )

20        Currently before the Court is Defendants Carmax

21   Auto Superstores West Coast, Inc. ("Carmax West Coast")

22   and Carmax Auto Superstores California, LLC's ("Carmax

23   California") (collectively "Defendants") Motion to

24   Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [17].

25   Plaintiffs Connie Arteaga and Emidia Soto

26   ("Plaintiffs") filed their Opposition on May 7, 2014

27   [21].  Defendant Carmax West Coast was dismissed on

28   April 25, 2014 [19].  Defendants filed their Reply on

                                  1

May 14, 2014 [22].  This Matter was taken under
submission on June 23, 2014 [23].  Having reviewed all
papers submitted pertaining to the Motion, and having
considered all arguments presented to the Court, the
Court **NOW FINDS AND RULES AS FOLLOWS:**

Defendants' Motion to Dismiss is hereby **DENIED.**

## I.   BACKGROUND

Plaintiffs are individuals who purchased a vehicle
from Defendants in Los Angeles County, California.  FAC
¶ 2.  Defendant CarMax West Coast is a corporation, and
Defendant CarMax California is a limited liability
company.  <u>Id.</u> at ¶ 3.  Both are authorized to do
business in California and are incorporated in
Virginia.  <u>Id.</u> at ¶ 4.  Defendants do business in all
counties of California and are engaged in the sale and
distribution of motor vehicles and related equipment
and services.  <u>Id.</u>  Defendants are also in the business
of marketing, supplying, and selling written warranties
to the public through a system of authorized
dealerships.  <u>Id.</u> at ¶ 3.

On April 4, 2013, Plaintiffs purchased a 2009 BMW
from Defendant CarMax California.  <u>Id.</u> at ¶ 7.  The
vehicle price exceeded $40,703.76, including sales tax,
registration charges, document fees, and other
collateral charges.  <u>Id.</u> at ¶ 8.

Defendants issued several written warranties to
Plaintiffs and other standard warranties fully outlined
in Defendants' Warranty Booklet.  <u>Id.</u> at ¶ 9.  The

written factory warranties covered any non-conformities or defects in materials or workmanship and included a provision stating that Defendants would repair the vehicle or take other remedial action free of charge if it failed to meet Defendants' specifications.  *Id.* at ¶ 28.  Plaintiffs have met all of the obligations and preconditions provided in the written warranties.  *Id.* at ¶ 31.

Plaintiffs claim that they experienced various "defects and/or non-conformities" that "substantially impaired the use, value, and safety of the vehicle" and rendered it unfit for its ordinary purpose shortly after taking possession of it on April 4, 2013.  *Id.* at ¶ 10.  The alleged defects include: 1) a defective engine, 2) defective tail light bulbs, 3) a defective front parking light, 4) squeaking when turning the steering wheel, and 5) squeaking brakes.  *Id.* at ¶ 12.  Plaintiffs claim that the said defects indicate that the vehicle was not substantially free of defects and in safe condition at the time of sale or at anytime afterward.  *Id.* at ¶ 10.  Plaintiffs also claim that they could not have discovered the defects prior to their acceptance of the vehicle.  *Id.* at ¶ 16.  Plaintiffs allege that they presented the vehicle to Defendants, their authorized repair facilities, and third-party repair facilities, but Defendants failed to repair it.  *Id.* at ¶¶ 12, 14.

Plaintiffs revoked acceptance of the vehicle in

writing, but Defendants refused Plaintiffs' demand for revocation. Id. at ¶ 20. Plaintiffs plead that the vehicle remains in a substantially defective and unmerchantible condition and continues to exhibit the above mentioned defects. Id. at ¶ 21.

On January 27, 2014, Plaintiffs filed their initial Complaint in Los Angeles Superior Court. Defendants removed to this Court on March 13, 2014 [1]. On April 9, 2014, Plaintiffs filed their FAC, alleging causes of action for: (1) breach of express warranty pursuant to the federal Magnuson-Moss Warranty Act ("MMWA");(2) breach of implied warranty of merchantability pursuant to the MMWA; (3) breach of express warranty pursuant to the California Song-Berly Consumer Warranty Act ("Song-Berly Act"); (4) breach of implied warranty of merchantability pursuant to the Song-Berly Act. FAC ¶¶ 23-40.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Dismissal can be based on a lack of cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). However, a party is not required to state the legal basis for its claim, only the facts underlying

4

it.  _McCalden v. Cal. Library Ass'n_, 955 F.2d 1214, 1223 (9th Cir. 1990).  In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party.  _Klarfeld v. United States_, 944 F.2d 583, 585 (9th Cir. 1991).

The question presented by a motion to dismiss is not whether a plaintiff will prevail in the action, but whether a plaintiff is entitled to offer evidence in support of its claim.  _Swierkiewica v. Sorema N.A._, 534 U.S. 506, 511 (2002).  "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations."  _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 557 (2007).  "'Entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  _Id._ at 555 (2007) (internal citation omitted).  Although specific facts are not necessary if the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

If dismissed, a court must then decide whether to grant leave to amend.  The Ninth Circuit has repeatedly held that a district court should grant leave to amend

even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.   DISCUSSION

Plaintiffs allege causes of action for: (1) breach of express warranty under the Song-Beverly Act, (2) breach of the implied warranty of merchantability under the Song-Beverly Act, (3) breach of express warranty under the MMWA, and (4) breach of implied warranty under the MMWA.  FAC ¶¶ 23-53.

Defendants argue that the FAC does not allege facts sufficient to support Plaintiffs' claims for breach of express warranty and breach of the implied warranty of merchantability brought under both the California Song-Beverly Act and the MMWA.  Defendants move to dismiss the entire FAC without leave to amend under Federal Rule of Civil Procedure 12(b)(6).

**A.   Breach of Express Warranty Under the Song-Beverly Act**

Defendants argue that Plaintiffs' breach of express warranty claim fails because Plaintiffs fail to plead facts sufficient to show that the alleged defects substantially affected the value, use, or safety of the vehicle.  Reply at 7:2-6.

The Song-Beverly Act defines an "express warranty" as a written statement arising out of a sale to the consumer of a consumer good pursuant to which the

6

manufacturer, distributor, or retailer undertakes to
preserve or maintain the utility or performance of the
consumer good or provide compensation if there is a
failure in utility or performance.  Cal. Civ. Code §
1791.2(a).  Plaintiffs stating a breach of express
warranty claim must meet the following elements: (1)
the product had a defect or nonconformity covered by
the express warranty; (2) the product was presented to
an authorized representative of the manufacturer for
repair; and (3) the manufacturer or its representative
did not repair the defect or nonconformity after a
reasonable number of repairs.  Gonzalez v. Drew Indus.
Inc., 750 F. Supp. 2d 1061, 1073 (C.D. Cal. 2007).
"Nonconformities" are defined as problems that
substantially impair the use, value, or safety of the
vehicle.  Cal. Civ. Code § 1793.22(e)(1).

The general rule in California is that an express
warranty does not cover repairs made after the
applicable time or mileage period have elapsed.
Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023
(9th Cir. 2009).  In addition, a manufacturer is not
liable for failure to disclose a defect that manifests
itself after the expiration of the warranty period
unless such omission: (1) is contrary to a
representation actually made by the defendant or (2)
pertains to a fact the defendant was obligated to
disclose.  Keegan v. Am. Honda Motor Co., Inc., 838 F.
Supp. 2d 929, 941 (C.D. Cal. 2012).  California law

requires that a warrantor provide a thirty-day warranty period to allow a buyer to return the purchased device within thirty days of the date of receipt if the device is unsatisfactory.  Cal. Civ. Code § 1793.02(a). However, a seller may specify a longer period.  Id.

The Court hereby **DENIES** Defendants' Motion to Dismiss Plaintiffs' claim for breach of express warranty under the Song-Beverly Act because Plaintiffs plead facts sufficient to support this claim.

Plaintiffs meet the first element of their breach of express warranty claim by alleging that the 2009 BMW suffered from defects including: a defective engine, a defective headlamp bulb, defective tail light bulbs, a defective front parking light, a squeaking steering wheel, and squeaking breaks.  FAC ¶ 12.  While Defendants argue that these defects do not indicate that the use, value, and safety of the car was substantially impaired as required by Cal. Civ. Code § 1793.22(e)(1), Defendants simply ignore Plaintiffs' assertion that their engine was defective.  Such an assertion is sufficient to indicate that the vehicle was substantially impaired because a car with a defective engine cannot be driven.

In addition, Plaintiffs sufficiently plead the second element of their express warranty claim because they assert that they presented the vehicle to Defendants for repair.  FAC ¶ 12-13.  Defendants argue that Plaintiffs do not meet this second element because

1   Plaintiffs do not indicate whether they offered the
2   vehicle to Defendants for repair within Defendants'
3   thirty-day express warranty period.  Mot. 8:22-26.
4   Defendants aver that this is fatal to Plaintiffs'
5   express warranty claim because a warrantor has no
6   warranty obligation outside of the warranty period.
7   Id. at 8:26-27.

8        However, the FAC does not state the express
9   warranty period, and Defendants do not provide the
10  Court with a copy of the warranty.  Plaintiffs only
11  state that Defendants issued to Plaintiffs several
12  written warranties and other standard warranties
13  outlined in Defendants' Warranty Booklet.  FAC ¶ 9.
14  Because California law allows a warrantor to specify a
15  warranty period longer than the mandated thirty days
16  (Cal. Civ. Code § 1793.02(a)), in the absence of proof
17  that the express warranty was only for thirty days,
18  Plaintiffs' claim is viable even if they did not plead
19  that they offered the vehicle to Defendants within
20  thirty days.  In addition, Plaintiffs plead that
21  Defendants violated the express written warranties
22  shortly after Plaintiffs purchased the car.  Id. at ¶
23  10.  Assuming that all of the facts are true,
24  Plaintiffs have alleged sufficient facts to support
25  their breach of express warranty claim regardless of
26  their failure to allege that they submitted the car for
27  repairs within thirty days of purchase.

28       Furthermore, Plaintiffs sufficiently plead the

third element of their breach of express warranty claim
because they allege that Defendants were unable to
repair the vehicle within a reasonable number of
attempts.  FAC ¶ 14.  This fact, along with the fact
that the car suffered from a defective engine are
sufficient to show that the vehicle continues to be
substantially impaired.

Assuming that all of Plaintiffs' allegations are
true, Plaintiffs plead sufficient facts to support a
breach of express warranty claim under the Song-Beverly
Act.  Accordingly, the Court hereby **DENIES** Defendants'
Motion with respect to this claim.

**B.**   **Breach of Implied Warranty Under the Song-Beverly**
     **Act**

Defendants next argue that Plaintiffs' implied
warranty claim fails because Plaintiffs do not plead
that the defects rendered the vehicle unusable for its
intended purpose.  Mot. 1:22-25.

The California Song-Beverly Act requires that
consumer goods sold at retail must be accompanied by
the manufacturer's and the retail seller's implied
warranty that the goods are merchantable.  Ehrlich v.
BMW of North Am., LLC, 801 F. Supp. 2d 908, 921 (C.D.
Cal. 2010).  In general, the implied warranty of
merchantability ensures that goods are "fit for the
ordinary purpose for which such goods are used." Id.
(citing Mexia v. Rinker Boat Co., 174 Cal. App. 4th.

1  1297, 1303 (2009)).[1]

2      Plaintiffs and Defendants dispute whether the car
3  sold to Plaintiffs was fit for its "ordinary purpose."
4  Defendants argue that "ordinary use" means that the
5  vehicle functions, even if it is not perfect.  Mot.
6  6:21-26.  Plaintiffs, on the other hand, argue that
7  "ordinary use" means "in safe condition and
8  substantially free of defects."  Opp'n 7:22-8:1.

9      Unlike express warranties, an implied warranty of
10 merchantability requires only a "minimum level of
11 quality."  <u>Birdsong v. Apple, Inc.</u>, 590 F.3d at 955,
12 958 (9th Cir. 2009) (citing <u>Am. Suzuki Motor Corp. v.</u>
13 <u>Superior Court</u>, 37 Cal. App. 4th 1291, 1295 (1995).  A
14 breach of the implied warranty of merchantability
15 occurs if the product lacks "even the most basic degree
16 of fitness for ordinary use."  <u>Id.</u>  It is sufficient
17 for a vehicle to meet the minimum requirement if it is
18 fit for driving.  <u>Keegan</u>, 838 F. Supp. 2d at 945.  As
19 cars are designed to provide transportation, the
20 implied warranty of merchantability is a guarantee that
21 they will operate in a safe condition and be

22 _____

23      [1] The Song-Beverly Act states that the implied warranty of
   merchantability guarantees that consumer goods meet the following
24 requirements: (1) pass without objection in the trade under the
   contract description; (2) are fit for the ordinary purposes for
25 which such goods are used; (3) are adequately contained,
   packaged, and labeled; and (4) conform to the promises or
26 affirmations of fact made on the container or label.  Cal. Civ.
   Code § 1791.1(a).  Because Plaintiffs only allege that Defendants
27 have not met the second requirement, the Court need not consider
   whether Plaintiffs plead facts showing that Defendants failed to
28 meet the other requirements of the implied warranty.

substantially free of defects.  <u>Id.</u> at 946.  Thus,
where a car can provide safe, reliable transportation,
it is generally considered merchantable.  <u>Id.</u> (quoting
<u>Carlson v. General Motors Corp.</u>, 883 F.2d 287, 297 (4th
Cir. 1989)).

   The Court hereby **DENIES** Defendants' Motion to
Dismiss Plaintiffs' claim for breach of implied
warranty of merchantability because Plaintiffs plead
sufficient facts showing that they were unable to use
the vehicle within the implied warranty's duration.
Plaintiffs describe defects such as a defective engine,
defective tail light bulbs, a defective front parking
light, squeaking when turning the steering wheel, and
squeaking brakes.  FAC ¶ 12.  Defendants' argument
focuses entirely on the minor defects pled and
overlooks the fact that the engine was not functioning
properly.  A defective engine may imply that the car
was unsafe or unfit for driving because a car with a
defective engine cannot be driven.

   Defendants attempt to distinguish the immediate
case from <u>Isip v. Mercedes-Benz, LLC</u>, 155 Cal. App. 4th
19 (2007), which Plaintiffs cite in their Opposition.
In <u>Isip</u>, buyers who purchased a car that suffered from
a substantial number of defects such as "malodorous
air-conditioning, a leaking transmission, transmission
hesitation, and a clanking brake" were able to assert a
claim for breach of implied warranty, even though their
car was still drivable.  <u>Isip</u>, 155 Cal. App. 4th at 27.

Defendants argue that the defects experienced by the car in Isip are more substantial than those experienced by Plaintiffs' car in the immediate case.  However, the analysis in Isip is not applicable to this case.  As Plaintiffs already plead facts showing that they were unable to use their vehicle, Defendants' argument is groundless.

In addition, Defendants aver that Plaintiffs fail to plead facts that show that such defects occurred within the implied warranty period of thirty days. Reply 5:5-7.  The Song-Beverly Act limits the time period of the implied warranty of merchantability. Ehrlich, 801 F. Supp. 2d at 922 (C.D. Cal. 2010).  The coverage period of an implied warranty on a used vehicle is coextensive with the duration of the express warranty.  Cal. Civ. Code § 1795.5(c).

Defendants state that Plaintiffs only allege in the FAC that they experienced various defects shortly after the purchase.  FAC ¶ 10.  As Defendants are not liable to Plaintiffs for defects to their vehicle outside of the thirty-day warranty period, Defendants argue that it is necessary for Plaintiffs to plead that the defects occurred within that period.  However, the FAC does not include facts indicating the duration of the express warranty.  As warrantors may extend the warranty period beyond the minimum thirty days under California law (Cal. Civ. Code § 1793.02(a)), Plaintiffs' vehicle may have experienced the defects

beyond the thirty days, but still within the warranty
period.  Because the Court must draw inferences in
favor of the non-moving party (<u>Klarfeld</u>, 944 F.2d at
585), Plaintiffs' claim that they experienced defects
shortly after their purchase, in addition to their
claims regarding the defects are sufficient to support
a breach of implied warranty claim.

Accordingly, the Court hereby **DENIES** Defendants'
Motion to Dismiss Plaintiffs' cause of action for
breach of implied warranty under the Song-Berly Act
because Plaintiffs plead sufficient facts to support
their claim.

**C.   <u>Independent Claims Under the MMWA</u>**

Defendants argue that Plaintiffs' Song-Berly Act
causes of action for breach of express and implied
warranties determine whether their concurrent MMWA
claims are viable.  Mot. 1:22-25.  Plaintiffs argue
that the MMWA provides an independent cause of action.
Opp'n 1:21-23.

The MMWA allows a consumer to bring a suit "where
he claims to be damaged by the failure of a supplier,
warrantor, or service contractor to comply with any
obligation under the Magnuson-Moss Act or under a
written warranty, implied warranty, or other service
contract."  15 U.S.C. § 2301.  It provides a federal
cause of action for state law express and implied
warranty claims.  <u>In re Sony Grand Wega KDF-E A10/A20
Series Rear Projection HDTV Television Litig.</u>, 758 F.

1  Supp. 2d 1077, 1102 (S.D. Cal. 2010).

2        The MMWA distinguishes between two types of

3  warranties: full warranties and limited warranties.  In

4  re Apple iPhone 3G Prod. Liab. Litig., 859 F. Supp. 2d

5  1084, 1089-90 (N.D. Cal. 2012); see also 15 U.S.C. §

6  2303(a).  The MMWA imposes minimum federal warranty

7  standards for full warranties and allows for an

8  independent cause of action for their breach.[2]  Id.; see

9  also 15 U.S.C. § 2304.  However, the MMWA does not

10 provide remedies for breach of "limited" warranties.

11 In re Apple iPhone 3G, 859 F. Supp. 2d at 1090.  A

12 limited warranty is one that does not meet the federal

13 minimum standards for warranty set forth in section

14 2304.  15 U.S.C. § 2303(a)(2).  The terms of a limited

15 warranty are more circumscribed than the requirements

16 established in the MMWA.  Id.

17        The MMWA allows consumers to enforce limited

18 express warranties in federal court by borrowing state

19 law causes of action.  In re Apple iPhone 3G, 859 F.

20 Supp. 2d at 1090 (citing Motor Vehicle Mfrs. Ass'n of

21 U.S., Inc. v. Abrams, 899 F.2d 1315, 1319 (2d Cir.

22 1990) ("the MMWA was intended by Congress to

23 supplement, not supplant, the rights and remedies

24 provided by state law")).  Where a plaintiff only

25 alleges a violation of the MMWA insofar as a defendant

26 _____

27        [2]15 U.S.C. § 2303(a) defines a full warranty as a written
   warranty that meets the federal minimum standards set forth in §
28 2304.

breached its warranties under state law without an allegation that the defendant otherwise failed to comply with the MMWA, the federal claim hinges on the state law warranty claims. See Clemens, 534 F.3d at 1022 n.3; see also Birdsong, 590 F.3d at 958 n.2 ("the substantive elements are the same under the Song-Beverly Act and Magnuson-Moss Act; under both, the court applies state warranty law"); see also In re Sony Grand Wega, 758 F. Supp. 2d 1077 at 1102 ("the Magnuson-Moss Warranty Act does not expand the rights under state law express and implied warranty claims, and dismissal of the state law claims requires the same disposition with respect to an associated Magnuson-Moss Warranty Act claim"). Thus, courts must look to state substantive law to determine liability for breach of a limited express warranty. Gusse v. Damon Corp., 470 F. Supp. 2d 1110, 1116-17 (C.D. Cal. 2007).

In the immediate case, the Court hereby **DENIES** Defendants' Motion to Dismiss Plaintiffs' claim for breach of express warranty under the MMWA. The Court need not consider whether Plaintiffs plead sufficient facts supporting a separate federal cause of action for breach of express warranty. As the MMWA is parasitic to state law claims for limited warranties (In re Apple iPhone 3G, 859 F. Supp. 2d at 1090), and Plaintiffs sufficiently plead their express warranty claim under the Song-Beverly Act, it follows that Plaintiffs sufficiently plead their MMWA claims as well.

16

1   In addition, the Court hereby **DENIES** Defendants'
2   Motion to Dismiss Plaintiffs' claim for breach of the
3   implied warranty of merchantability.  The MMWA does not
4   expand the rights under state law implied warranty
5   claims.  <u>In re Sony Grand Wega</u>, 758 F. Supp. 2d 1077 at
6   1102.  Although the MMWA creates a separate federal
7   cause of action for breach of implied warranty, courts
8   must look to the relevant state law to determine the
9   meaning and creation of any implied warranty.  <u>Gusse</u>,
10  470 F. Supp. 2d at 1116 (citing 15 U.S.C. § 2301(7)).
11  Thus, because Plaintiffs plead facts sufficient to
12  support a breach of implied warranty claim under
13  California's Song-Beverly Act, Plaintiffs also plead
14  facts adequate to support a breach of implied warranty
15  claim under the MMWA.
16  Accordingly, the Court **DENIES** Defendants' Motion to
17  Dismiss Plaintiffs claims for breach of express
18  warranty and breach of implied warranty under the MMWA.
19  ///
20  ///
21  ///

17

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [17].


**IT IS SO ORDERED.**

DATED: July 11, 2014

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge